IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARC R. ROBERTSON                                                                              PLAINTIFF

vs.                                           Civil No. 2:15-cv-02136

CAROLYN W. COLVIN
Commissioner, Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Marc R. Robertson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

On February 18, 2014, Plaintiff filed his SSI application. (Tr. 52).  In this application, Plaintiff alleges being disabled due to Hepatitis C, back problems, arthritis, heart problems, and high blood pressure.  (Tr. 230).  Plaintiff alleges an onset date of December 1, 2009.  (Tr. 52). Plaintiff's application was denied initially and again upon reconsideration.  (Tr. 97-109).

Thereafter, Plaintiff requested an administrative hearing on his application.  (Tr. 132). This hearing request was granted, and an administrative hearing was held in Fort Smith,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Arkansas on September 16, 2014. (Tr. 67-96). At this hearing, Plaintiff was present and was represented by Michael Harry. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-seven (47) years old, which qualifies as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 73). During this hearing, Plaintiff also testified he had graduated from high school. *Id.*

On March 20, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 49-62). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 18, 2014, his application date. (Tr. 54, Finding 1). The ALJ determined Plaintiff had the following severe impairments: hepatitis C; high blood pressure; disorder of the back; neck, shoulder, and back pain; diabetes; and obesity. (Tr. 54, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 55-56, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 56-61, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that he can occasionally balance, stoop, kneel, crouch, crawl and climb ramps, stairs, ladders, ropes and scaffolds. He is further limited to work that can be performed while using a handheld assistive device for prolonged ambulation.

*Id.*

2

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform his PRW. (Tr. 61, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 61-62, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) clerical work with 60,900 such jobs in the nation and 457 such jobs in Arkansas; (2) assembler with 90,700 such jobs in the nation and 217 such jobs in Arkansas; and (3) machine tender with 15,100 such jobs in the nation and 175 such jobs in Arkansas. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February 18, 2014 (application date) through March 20, 2015 (decision date). (Tr. 62, Finding 10).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 44-45). The Appeals Council denied Plaintiff's request for review. (Tr. 1-8). On July 6, 2015, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 8, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147

(8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age,

education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises four  arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred in his credibility determination; (C) the ALJ erred in assessing his RFC; and (D) the ALJ erred in assessing his treating physician's statement.  ECF No. 12 at 1-19.  In response, Defendant argues the ALJ properly developed the record, properly considered Plaintiff's credibility, properly assessed his RFC, and properly assessed his treating physician's opinions.  ECF No. 13 at 1-14.  The Court will consider each of these arguments for reversal.

**A.     Record Development**

Plaintiff claims the ALJ erred in developing the record in his case.  ECF No. 12 at 12-13.  As Plaintiff states, "we believe that the ALJ should have sought further clarification regarding the severity of his impairments from his treating physician. . . ."  *Id.*  In response to this argument, Defendant claims the ALJ fully complied with his obligation to develop the record.  ECF No. 13 at 4-5.  Defendant also argues no remand is necessary.  *Id.*

Upon review of Plaintiff's claim and Defendant's response, the Court agrees the record in this case was properly developed and no remand is necessary. Notably, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is over 500 pages long. This transcript includes Plaintiff's treatment records and a consultative examination report. (Tr. 288-503). Based upon this information, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no showing of prejudice or unfair treatment. ECF No. 12 at 12-13. Indeed, Plaintiff has in no way even indicated to the Court *how* the record was not fully developed. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

B.     **Credibility Determination**

Plaintiff claims the ALJ's credibility determination is not sufficient. ECF No. 12 at 13-16. Specifically, Plaintiff claims the ALJ did not give "any solid, substantiated reasons for discrediting the Plaintiff's testimony." *Id.* Thus, Plaintiff claims his case must be reversed and remanded. *Id.* In response, Defendant argues the ALJ's credibility determination was reasonable and was within the ALJ's discretion. ECF No. 13 at 5-8. Defendant argues the ALJ's credibility determination should be affirmed. *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. §

404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

7

pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with *Polaski* in evaluating Plaintiff's credibility. (Tr. 56-61). In his opinion, the ALJ noted Plaintiff was able to perform a number of daily activities (including prepare food, lift "about 20 pounds," do light chores, go to the grocery store, go to church on a regular basis, and feed and water his dogs). (Tr. 60). Further, despite his then-current complaints of "constant" pain, Plaintiff had given inconsistent reports of his pain level, reporting at some points that his pain "*occasionally* radiate[d] down to his arm to his elbow" and "*sometimes* radiate[d] further than the buttocks on the right side" while later reporting his pain was "constant and will become more severe at times." (Tr. 58-59) (emphasis added). This inconsistent reporting also undermines Plaintiff's credibility. *Id.*

Based upon this information, the Court finds the ALJ supplied "good reasons" for his credibility determination. Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

### C.　　RFC Assessment

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 12 at 8-12. Specifically, Plaintiff claims the ALJ erred in considering his mental impairments and his treatment at "Western Arkansas Counseling and Guidance for intermittent explosive disorder." *Id.* In making this claim, however, Plaintiff does not cite to *any evidence* that would have changed the

ALJ's RFC assessment or demonstrated he had any limitations greater than those found by the ALJ. *Id.*

Plaintiff has the burden of demonstrating his RFC limitations. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (citation omitted) (recognizing "[a] disability claimant has the burden to establish her [or her] RFC"). Here, because Plaintiff has not provided any specific ways the ALJ erred in assessing his RFC, the Court finds no basis for reversal on this issue. *See, e.g., Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

### D. Opinions of His Treating Source

Plaintiff claims the ALJ improperly assessed a report from his treating physician, Dr. Nathan H. Bennett, D.O. (Tr. 380). In this report, which is actually a one-page "To whom it may concern" letter, Dr. Bennett states he believes Plaintiff is "totally disabled and will remain totally disabled. I do not think that he will ever be able to perform gainful employment." *Id.*

In his opinion, the ALJ assessed Dr. Bennett's findings and noted the following:

> As for the medical source statement from Dr. Bennett, even though he is a treating physician, it is given little weight. The imaging studies ordered by Dr. Bennett and those performed by other providers show that the claimant's impairments are not as limiting as alleged and do not support the extensive limitations described in his statement. In addition, whether someone is "disabled" is a determination reserved solely to the Commissioner (20 CFR 416.927(e) and (e)(1-3)). Dr. Bennett's opinion is entitled to no special significance because the medical evidence shows that he had only seen the claimant three times in four years. He has not developed a sufficient treatment history which would entitle his opinions to great weight.

(Tr. 60).

9

Based upon this evaluation of Dr. Bennett's findings, the Court finds no basis for reversal on this issue. *See Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000) (recognizing the ALJ must give "good reasons" for the weight given to a treating physician's evaluation but also noting the ALJ is not required to *adopt* the findings of a treating physician). Notably, this opinion letter provides no medical testing to support his finding of a "disability" and lists no other support for Dr. Bennett's findings. *See Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir. 2016) (affirming the ALJ's decision to discount a treating physician's findings where those opinions consisted of "three checklist forms, cites no medical evidence, and provides little to no elaboration").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of March 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE